29 F.3d 646
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Djahromi M. ZAREYAN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3028.
 United States Court of Appeals, Federal Circuit.
 June 30, 1994.
 
 Before ARCHER, Chief Judge,* RICH and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Djahromi M. Zareyan appeals the July 22, 1993 decision of the Merit Systems Protection Board (Board) in Docket No. SF831E930195-I-1 affirming the Administrative Judge's April 21, 1993 initial decision denying Mr. Zareyan's application for a deferred annuity under the Civil Service Retirement System (CSRS). We affirm.
 
 DISCUSSION
 
 2
 Mr. Zareyan was employed by the Department of Defense from January 1958 through April 1979 as a Senior Financial Management Specialist at the U.S. Embassy in Tehran, Iran. In that position, Mr. Zareyan was covered by the CSRS. Mr. Zareyan was separated from this position by a reduction in force (RIF) effective April 28, 1979. Beginning April 1, 1979, Mr. Zareyan was detailed under an indefinite Federal appointment to Stuttgart, West Germany to coordinate activities in Iran. Mr. Zareyan was not covered under CSRS in this position. During this appointment, Mr. Zareyan applied for and received a lump sum payment of his retirement benefits. Mr. Zareyan was separated from this appointment effective April 7, 1980 upon the closing of the U.S. Embassy in Tehran.
 
 
 3
 Mr. Zareyan applied to the Office of Personnel Management (OPM) for a deferred retirement annuity under CSRS in September 1992. In a letter dated October 6, 1992, OPM denied Mr. Zareyan's request based on his receipt of the lump sum payment of his retirement benefits, which voided Mr. Zareyan's right to an annuity. In response to Mr. Zareyan's request for reconsideration, OPM affirmed its initial decision. In a decision dated April 21, 1993, the Board affirmed OPM's reconsideration decision and also found that Mr. Zareyan failed to show that he was misled by the Government when he applied for the lump sum payment. The Board's initial decision became final on July 22, 1993 when the Board denied Mr. Zareyan's petition for review of the initial decision. Mr. Zareyan subsequently appealed to this court.
 
 
 4
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 5
 Title 5 U.S.C. Sec. 8342(a) provides that an employee who is separated from Federal service is entitled to be paid the lump sum credit of his retirement contributions. Receipt of the lump sum credit voids any right to a retirement annuity to which the party may be otherwise eligible, unless the individual is reemployed in a position covered by the CSRS and if during the subsequent employment the individual redeposits the amount of the lump sum payment plus interest in accordance with the provisions of 5 U.S.C. Sec. 8334(d).
 
 
 6
 It is not disputed that Mr. Zareyan applied for and received a lump sum payment of his retirement contributions. It is also not contested that Mr. Zareyan was not employed in a position covered by the CSRS after receiving the lump sum payment or that Mr. Zareyan ever redeposited his retirement contributions. Therefore, under the clear and unambiguous terms of Sec. 8334(d), Mr. Zareyan is not entitled to a retirement annuity.
 
 
 7
 Mr. Zareyan asserts that he was somehow misled when he applied for the lump sum payment. This claim, however, is not substantiated by the record. Moreover, "the terms of a statute should not be ignored based on the facts of individual cases." Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1989). Because the relevant statute by its terms excludes Mr. Zareyan's claim, the decision of the Board must be affirmed.
 
 
 
 *
 Chief Judge Archer assumed the position of Chief Judge on March 18, 1994